**UNITED STATES of America, Plaintiff,**

v.

**Radames Medina DE LEON, Pascacio Hernandez Hernandez, Defendants.**

**Crim. No. 97–080 (DRD).**

United States District Court,
D. Puerto Rico.

Feb. 25, 1998.

Joseph V. Hoffer, U.S. Atty's Office District of P.R. Civil Division, Hato Rey, PR, for Plaintiff.

Ramon M. Gonzalez–Santiago, Santurce, PR, Robert Millan, Rio Piedras, PR, Edgar R. Vega–Pabon, Hato Rey, PR, Lucien B. Campbell, for Defendants.

## ORDER

DOMINGUEZ, District Judge.

At Sentencing Hearing on January 16, 1997, both aliens co-defendants Radamés Medina de León and Pascacio Hernández Hernández, separately requested a two level downward departure under U.S.S.G. § 5K.2.0 based on acceptance of deportation and waiver of administrative hearing and appeal relating to said measure.

The Court understands that said downward departure is specifically precluded by *United States v. Clase–Espinal,* 115 F.3d 1054, 1056–60 (1st Cir.1997). Further, the request is barred because the plea agreements do not specify said downward departure and contain to the contrary a zipper clause that states that "there will be no further adjustments or departures other than those contained in the agreement."

Moreover, in the case of *United States v. Clase–Espinal,* 115 F.3d at 1056–60, the Court held that potential immigration offenses were considered by the Sentencing Commission and hence the matter is not "of a kind" not adequately considered by the commission or "present to a degree" neither readily envisioned nor often seen in connection with such offender. ("It is difficult to believe that the commission was not conscious that a large number of defendants sentenced in the federal courts are aliens"), *United States v. Restrepo,* 999 F.2d 640, 647 (2d Cir.) cert. denied 510 U.S. 954, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993) cited with approval at *United States v. Clase–Espinal,* 115 F.3d at 1058.

The Court of Appeals further determined that acceptances of deportation do not constitute a mitigating circumstance unless the case is meaningfully atypical. *United States v. Clase–Espinal,* 115 F.3d at 1059. Defendants at sentencing made no special proffer as to facts showing that their particular cases were importantly or meaningfully atypical ("departures must be based upon meaningful atypicality ... the trial courts right to depart, up or down, must be restricted to those few instances where some substantial atypicality can be demonstrated.") *United States v. Williams,* 891 F.2d 962, 967 (1st Cir.1989).

The Court does not consider the ruling of *United States v. Clase–Espinal,* 115 F.3d 1054, a retroactive ruling for various reasons. First, the downward departure was not contemplated in the plea agreement and other additional downward departures not stated at the plea agreement were barred. Second, at the time defendants plead, October 3, 1997

(Dockets numbers 43 and 44), the ruling of *United States v. Clase–Espinal,* 115 F.3d 1054, had already been issued (June 19, 1997). Finally, the Circuit Court opinion clearly establishes that the Memorandum of the Attorney General of April 28, 1995 relied upon by defendants to seek the downward departure, was issued without authority in law and, hence, ab initio unwarranted.

The downward departure of defendants Medina de León and Hernández–Hernández under U.S.S.G. § 5K2.0 is, thus, **DENIED as to both.**

**IT IS SO ORDERED.**